UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANDY GINA LEIGH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL GEARY WILSON,<br><br>　　　　Defendant. | Case No. 20-CV-04372-LHK<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE** |

Before the Court is Defendant Michael Geary Wilson's motion to vacate dismissal of this action. ECF No. 20 ("Mot."). Defendant removed the instant case to this Court on June 29, 2020 by filing a notice of removal in which he listed himself as the "Cross-Defendant" in state court and failed to include any state court pleadings, which are required by 28 U.S.C. § 1446(a). ECF No. 1. Plaintiffs Mandy Leigh, Jay Toivo Jambeck, Damien Berkes Troutman, and Leigh Law Group, P.C. subsequently notified the Court that Defendant's notice of removal miscaptioned the underlying state court case. In fact, Wilson is the sole plaintiff in the state court case and is not a defendant in that case. ECF No. 8. Pursuant to 28 U.S.C. § 1441(a), only state court defendants, and not state court plaintiffs, may remove a case to federal court. The Court therefore ordered Defendant to show cause why the case should not be remanded to state court for lack of removal

1

jurisdiction. ECF No. 9. In response, Defendant filed a notice of voluntary dismissal of the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 13. Plaintiffs persuasively argue that Defendant voluntarily dismissed the instant case in order to avoid remand to state court, where Defendant was likely to be deemed a vexatious litigant. *See* ECF No. 14, at 5.

Defendant now seeks to vacate his own voluntary dismissal. Defendant argues that he instead meant to request that the case be remanded to state court. Mot. at 3. This argument lacks merit. Defendant's motion is captioned "Wilson's Notice of Voluntary Dismissal of Action," and the motion itself states in relevant part "I, MICHAEL GEARY WILSON, hereby voluntarily dismiss this civil action without prejudice . . ." ECF No. 13, at 2. Defendant may not voluntarily dismiss this action in order to avoid remand to state court, and then subsequently move to vacate that voluntary dismissal. Moreover, because Defendant could not remove his state court action to federal court in the first place, this Court likely never had jurisdiction to remand the case to state court.

For the foregoing reasons, the Court DENIES Defendant's motion to vacate.

**IT IS SO ORDERED.**

Dated: December 30, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2
Case No. 20-CV-04372-LHK
ORDER DENYING DEFENDANT'S MOTION TO VACATE